# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

Jimmy Wilson )
    *Plaintiff* )
 )
v. )   Case No. 3:24-cv-476-DJH
 )
Midland Credit Management, Inc. )
    *Defendant* )
Serve: )
    Midland Funding LLC )
    4801 Olympia Park Plaza, Suite 4200 )
    Louisville, KY 40241 )
 )

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Jimmy Wilson as an individual Kentucky consumer and as the proposed class representative on behalf of classes of similarly situated Kentucky consumers against Defendant Midland Credit Management, Inc. ("MCM") for its knowing, intentional, willful, unfair and thus unconscionable practices in the course of its trade and commerce of consumer debt collection against Plaintiff and the classes of similarly situated Kentucky consumer citizens giving rise to the claims of Plaintiff and the proposed classes of Kentucky consumers alleged herein, as follows:

### COUNT I

Violation by MCM of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. in collecting or attempting to collect amounts (the "Amounts") not owed by garnishment because the Amounts exceeded the amount awarded by the enabling judgment; and

### COUNT II

Violation by MCM of the Kentucky Consumer Protection Act, KRS 367.170 for its unfair excess collection of amounts that exceed the Amounts owed under the enabling judgment.

## COUNT III

Violation by MCM of Kentucky law under KRS 411.080 for wrongful garnishment;

2. Plaintiff individually seeks his actual damages, compensatory damages, statutory damages, punitive damages, court costs, and attorney fees against MCM.

3. Plaintiff also wants the Court to appoint him as the class representative Plaintiff to represent the interests of each class of similarly situated Kentucky consumers for their like claims as Plaintiff for their actual damages, compensatory damages, statutory damages, punitive damages, court costs and attorney fees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331, the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C. §2201. Plaintiff also asks the Court to take supplemental jurisdiction over his interrelated Kentucky state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper because the nucleus of facts and events at issue in this case arose in Jefferson County, Kentucky where Plaintiff resides and which is located in this district four.

## PARTIES

6. Plaintiff Jimmy Wilson is a natural person residing in Jefferson County, Kentucky, a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3), and a "person" within the meaning of the KCPA, KRS 367.110(1).

7. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation registered with the Kentucky Secretary of State whose principal office is located at 350 Camino de la Reina, Suite 300, San Diego, CA 92108. MCM is engaged in the business of purchasing consumer debt in default and collecting those debts in the Commonwealth of Kentucky.

8. MCM is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## RELEVANT FACTS

9. In 2019, Plaintiff Jimmy Wilson opened a credit card account with Fifth Third Bank, N.A. ("Fifth Third").

10. Mr. Wilson used the Fifth Third Account for personal, family and/or household purposes, making the debt that arose out of the Fifth Third Account a "debt" within the meaning of the FDCPA.

11. Mr. Wilson defaulted on the Fifth Third Account on or about September 2019, and on April 21, 2020 Defendant Midland Credit Management, Inc. ("MCM") acquired the Account from Fifth Third by purchase and assignment.

12. On March 9, 2022, MCM filed suit against Mr. Wilson in the state District Court of Jefferson County, Kentucky under case number 22-C-021659 in an attempt to collect alleged amounts due and owing on the Fifth Third Account from Mr. Wilson (the "State Court Lawsuit").

13. On August 12, 2022, MCM moved for default judgment in the State Court Lawsuit, and on August 16, 2022, The Jefferson District Court entered a default judgment against Mr. Wilson in the State Court Lawsuit (the "Default Judgment"). A true and accurate copy of the Default Judgment is filed as "Exhibit A."

14. The Default Judgment awarded MCM the following relief:

> It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s), JIMMY WILSON , the total sum of $2,581.06, plus post-judgment interest at the current statutory rate of 6% per annum, plus plaintiff's court costs expended herein, in the amount of $177.88 court cost if approved by court. This is a final and appealable judgment and there is no just reason for delay.

15. On September 26, 2022, MCM filed a Bill of Costs pursuant to CR 54.04 to recover its claimed costs expended of $177.88, and on October 3, 2022, having heard no exceptions to the Bill of Costs, the clerk of the Jefferson District Court endorsed MCM's costs expended of $177.88 on the Default Judgment.

16. On November 6, 2023, MCM filed a wage garnishment and served same on Mr. Wilson's employer in an attempt to collect the Judgment (the "Wage Garnishment"). A true and accurate copy of the Wage Garnishment is filed as "Exhibit B" and provides in relevant part:

| | |
|---|---|
| TO JUDGMENT DEBTOR:<br><br>JIMMY WILSON<br>▮▮▮▮▮▮▮▮▮▮▮▮<br><br>• The Judgment Creditor is garnishing a portion of your wages to satisfy a judgment entered against you, which includes the Amount Due shown above, plus interest and costs. You may have a right to recover all of part of the money your employer will withhold, but you must follow the instructions given below. | JUDGMENT CREDITOR: MIDLAND CREDIT MANAGEMENT, INC.<br><br>Amount Due: $2,964.28<br><br>Probable Court Costs: $15.00<br><br>Judgment Date: August 17, 2022<br><br>Creditor's Attorney: JASON E. TAYLOR / JOHN F. GILLESPIE / CORNELIUS MANCE<br>P.O. BOX 2121<br>WARREN, MI 48090-2123  |

17. Mr. Wilson's employer began withholding amounts from Mr. Wilson's wages in response to the Wage Garnishment in early 2024 and remitting these amounts to MCM's counsel in the State Court Lawsuit.

18. By July 25, 2024, Mr. Wilson's employer had remitted $3,894.59 to MCM in response to the Wage Garnishment. A true and accurate copy of Mr. Wilson's pay stub for July 18, 2024 reflecting these withheld funds is attached as "Exhibit C."

19. The amount of $3,894.59 Mr. Wilson's employer remitted to MCM in response to MCM's Wage Garnishment greatly exceeds the amount due and owing on the Default Judgment. By the date of the last withholding, July 25, 2024, the amount due and owing on the Default Judgment was no greater than $3,074.76.[1]

20. MCM, then, collected an excess of at least $819.83 by means of the Wage Garnishment.

21. Upon information and belief, MCM received funds sufficient to satisfy the Default Judgment from Mr. Wilson's wages pursuant to the Wage Garnishment no later than July 3, 2024.

22. On July 26, 2024, undersigned counsel for Mr. Wilson contacted counsel for MCM in the State Court Lawsuit by telephone to inform MCM of the excess wage Amounts attached by the Wage Garnishment, demand release of the Order of Wage Garnishment, and demand return of the illegally garnished amounts to Mr. Wilson.

23. On July 29, 2024, more than three weeks after MCM received funds sufficient to satisfy the Default Judgment by means of the Wage Garnishment, and only after counsel for Mr.

---

[1] There are 709 days between August 16, 2022 and July 25, 2024. Interest at 6% on the principal amount of $2,581.06 awarded in the Default Judgment comes to $300.82. Adding together $2,581.06 (principal) plus $300.82 (interest) plus $177.88 (awarded costs) plus $15.00 ("probable court costs" stated in the Wage Garnishment) yields a total of $3,074.76.

Wilson contacted MCM to demand return of the excess funds garnished from Mr. Wilson's wages, did MCM file a notice of release of the Wage Garnishment in the State Court Lawsuit and tendered a proposed order of release of the Wage Garnishment.

24. On July 30, 2024, Mr. Wilson received a check from MCM in the amount of $64.88, which was a fractional refund of excess amounts MCM had garnished that exceeded the amounts awarded to MCM in the Default Judgment it had received by means of the Wage Garnishment.

25. As of the date of this Complaint, MCM has not refunded the additional excess funds of at least $754.95 it received from Mr. Wilson's wages pursuant to the Wage Garnishment, despite repeated demand by Plaintiff Wilson to MCM for return of the funds.

26. By its knowing, intentional, willful, excessive garnishment of Plaintiff Wilson's wages, MCM violated: the FDCPA as a debt collector by attempting to collect and/or collecting the Amounts not owed; the Kentucky law against wrongful garnishment, KRS 411.080; and the KCPA, KRS 367.220 by its unfair garnishing significantly more from Mr. Wilson's wages by means of the Wage Garnishment than was awarded by the Default Judgment and/or by its failure to refund the excess amounts it illegally garnished from Plaintiff Wilson.

27. MCM's intentional, knowing, willful and deliberate illegal garnishing of the Amounts from Plaintiff's wages by means of the Wage Garnishment in excess of that awarded to MCM in the Default Judgment constitutes the tort of wrongful garnishment under Kentucky law.

28. MCM has collected amounts from numerous Kentucky consumers against whom it has obtained judgments in trial courts of the Commonwealth of Kentucky which are in excess of that provided for by the plain terms of the judgments entered against the consumers.

## INDIVIDUAL CLAIMS FOR RELIEF

**COUNT I.     Violations of the FDCPA**

29. Plaintiff incorporates the foregoing allegations stated *supra* as if set out fully in this Count I.

30. The foregoing acts and omissions of Defendant Midland Credit Management, Inc. ("MCM") constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. MCM violated 15 U.S.C. §1692e, 15 U.S.C. §1692f, and one or more subsections of each statute which violations of the FDCPA include, but are not limited to:

   i.     **Violation of 15 U.S.C. § 1692e(5)** by collecting amounts from Mr. Wilson's wages

via the Wage Garnishment which were greatly in excess of that owed on the Default Judgment enabling the garnishment, and failing to refund the excess garnished funds to Mr. Wilson despite his demand for return of the funds, thus taking an action which cannot legally be taken;

ii.     **Violation of 15 U.S.C. § 1692e(10)** by collecting amounts from Mr. Wilson's wages via the Wage Garnishment which were greatly in excess of that owed on the Default Judgment enabling the garnishment, and failing to refund the excess garnished funds to Mr. Wilson despite his demand for return of the funds, thus using false representation or deceptive means to collect a debt;

iii.    **Violation of 15 U.S.C. § 1692f** by collecting amounts from Mr. Wilson's wages via the Wage Garnishment which were greatly in excess of that owed on the Default Judgment enabling the garnishment, and failing to refund the excess garnished funds to Mr. Wilson despite his demand for return of the funds, thus using unfair or unconscionable means to collect or attempt to collect a debt; and

iv.     **Violation of 15 U.S.C. § 1692f(1)** by collecting amounts from Mr. Wilson's wages via the Wage Garnishment which were greatly in excess of that owed on the Default Judgment enabling the garnishment, and failing to refund the excess garnished funds to Plaintiff Wilson despite his demand for return of the funds, thus collecting amounts not authorized by the agreement creating the debt or permitted by law.

**COUNT II.    Violations of the KCPA**

31.    Plaintiff incorporates the foregoing allegations stated *supra* as if set out fully in this Count II.

32.    The foregoing acts and omissions of Defendant Midland Credit Management, Inc. ("MCM") as to Plaintiff Jimmy Wilson individually constitute violations of the KCPA.

33.    The transaction that resulted in the creation, servicing, assignment, and collection of the Fifth Third Account constitutes "trade" and "commerce" within the meaning of the KCPA.

34.    Mr. Wilson used the Fifth Third Account exclusively for personal, family, and/or household purposes.

35.    Collecting amounts from Mr. Wilson's wages via the Wage Garnishment which were greatly in excess of that owed on the Default Judgment enabling the garnishment is an unfair,

false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

36. Failing to refund the excess garnished funds to Mr. Wilson despite his demand for return of the funds to him is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

37. Mr. Wilson suffered real and ascertainable losses from MCM's violations of the KCPA, including but not limited to funds lost to MCM's improper excess garnishment of his wages, his costs, and his attorney's fees incurred as a result of seeking a return of the garnished funds, as well as frustration, anxiety, and emotional upset.

38. Mr. Wilson is a natural person within the meaning of the KCPA.

39. Mr. Wilson suffered real and actual losses from MCM's violations of the KCPA.

40. Mr. Wilson has claims against MCM under KRS 367.220 which gives him the right to recover his ascertainable actual damages; his court costs and expenses; his reasonable attorneys fees, and punitive damages.

**COUNT III.   Wrongful Garnishment**

41. Plaintiff incorporates the foregoing allegations stated *supra* as if set out fully in this Cout III.

42. The above-described actions of Defendant Midland Credit Management, Inc. ("MCM") constitute knowing and intentional wrongful garnishment under Kentucky law.

43. No later than July 3, 2024, MCM had received sufficient funds by means of the Wage Garnishment to satisfy the Default Judgment in its entirety.

44. Despite having received funds sufficient to satisfy the Default Judgment by July 3, 2024, MCM allowed the Wage Garnishment to remain in place until July 29, 2024, and then released the garnishment only after an affirmative demand made by Mr. Wilson's counsel, leading to an excess of over $800 garnished from Mr. Wilson's wages.

45. MCM received funds it had no legal or contractual right to receive from Mr. Wilson in connection with the Wage Garnishment.

46. Consequently, Mr. Wilson is entitled to recover the unauthorized funds taken by MCM plus his attorney's fees and costs. KRS 411.080.

## CLASS ALLEGATIONS

47. Plaintiff Jimmy Wilson brings this action individually and as a proposed class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following classes of persons:

**Class I:** All Kentucky consumers against whom Defendant MCM and/or its agents, employees or representatives, within one (1) year prior to the date of the filing of this Complaint, issued a wage or non-wage garnishment pursuant to a judgment obtained against the consumer in a District or Circuit Court of the Commonwealth of Kentucky in which:

(a) The judgment against the consumer awarded MCM a sum certain of principal, interest, attorney's fees, and costs; and

(b) MCM collected amounts in excess of the amount of principal, interest, attorney's fees, and costs as awarded by the judgment against the consumer; and

(c) MCM has not returned all amounts received by means of the garnishment in excess of that awarded by the judgment to the consumer as of the date of filing of this Complaint.

**Class II:** All Kentucky consumers against whom Defendant MCM and/or its agents, employees or representatives, within two (2) years prior to the date of the filing of this Complaint, issued a wage or non-wage garnishment pursuant to a judgment obtained against the consumer in a District or Circuit Court of the Commonwealth of Kentucky in which:

(a) The judgment against the consumer awarded MCM a sum certain of principal, interest, attorney's fees, and costs; and

(b) MCM collected amounts in excess of the amount of principal, interest, attorney's fees, and costs as awarded by the judgment against the consumer; and

(c) MCM has not returned all amounts received by means of the garnishment in excess of that awarded by the judgment to the consumer as of the date of filing of this Complaint.

**Class III:** All Kentucky consumers against whom Defendant MCM and/or its agents, employees or representatives, within five (5) years prior to the date of the filing of this Complaint, issued a wage or non-wage garnishment pursuant to a judgment obtained against the consumer in a District or Circuit Court of the Commonwealth of Kentucky in which:

(a) The judgment against the consumer awarded MCM a sum certain of principal, interest, attorney's fees, and costs; and

(b)     MCM collected amounts in excess of the amount of principal, interest, attorney's fees, and costs as awarded by the judgment against the consumer; and

(c)     MCM has not returned all amounts received by means of the garnishment in excess of that awarded by the judgment to the consumer as of the date of filing of this Complaint.

48.     This action seeks actual damages and the maximum statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2) for Mr. Wilson and all members of the proposed Class I for Defendant MCM's violations of the FDCPA.

49.     This action also seeks actual damages and punitive damages under the KCPA pursuant to KRS 367.220 for Mr. Wilson and all members of the proposed Class II for Defendant MCM's violations of the KCPA.

50.     This action also seeks recovery from MCM of all funds collected by MCM from members of Class III in excess of that provided for by the express terms of the judgment entered against the consumer.

51.     The proposed Classes as set out *supra* which are represented by Jimmy Wilson in this proposed class action and of which she herself is a member consists of those persons as defined *supra* and which the members of the proposed Classes are so numerous that joinder of individual members is impracticable.

52.     Jimmy Wilson's claims in this proposed class action are typical of the claims of the proposed Classes as set out *supra*.

53.     There are common questions of law and fact applicable to the members of the proposed Classes in this proposed class action that relate to and affect the rights of each member of the proposed Classes.

54.     The relief sought for Jimmy Wilson is common to the members of the proposed Classes and all members of the proposed Classes have the same issues of law in common.

55.     There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action or with respect to the claims for relief herein set forth.

56.     Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

57.     Plaintiff's attorneys are experienced and capable in the field of consumer rights,

including FDCPA violations.

58. Plaintiff's attorneys have successfully represented other claimants in similar class action litigation.

59. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

60. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

61. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

62. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendants.

63. Because many of the persons who comprise the proposed Classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, based upon the facts and claims pleaded *supra*, Plaintiff Jimmy Wilson on his own behalf and on behalf of the proposed Classes requests that the Court grant him and the Classes the following relief:

1. Award Plaintiff and all members of Class I the maximum statutory damages of permitted under the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(B);

2. Award Plaintiff and all members of Class II punitive damages permitted under the

KCPA pursuant to KRS 367.220;

     3.     Award Plaintiff and all members of Class III their actual damages of amounts garnished in excess of the judgment award of the enabling judgment, and punitive damages permitted under KRS 411.080 pursuant to KRS

     4.     Award Plaintiff and all members of the Classes their actual and compensatory damages;

     5.     Award Plaintiff and the Classes their reasonable attorney's fees, court costs and expenses;

     6.     A trial by jury; and

     7.     Such other relief as the Court may adjudge just and proper.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:  (502) 257-7309
jmckenzie@jmckenzielaw.com