UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JIMMY WILSON,     Plaintiff,

v.     Civil Action No. 3:24-cv-476-DJH-RSE

MIDLAND CREDIT MANAGEMENT, INC.,     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Jimmy Wilson sued Midland Credit Management, Inc. (MCM), asserting claims under the Fair Debt Collection Practices Act (FDCPA), the Kentucky Consumer Protection Act (KCPA), and Ky. Rev. Stat. § 411.080, alleging wrongful garnishment of Wilson's wages. (Docket No. 1) MCM now moves to compel arbitration of Wilson's claims and stay this action pending arbitration. (D.N. 12; *see also* D.N. 12-1) Wilson opposes the motion. (D.N. 14) After careful consideration, the Court will grant MCM's motion for the reasons explained below.

**I.**

Wilson entered into an agreement with non-party Fifth Third Bank, N.A. upon opening a credit-card account with Fifth Third (the Card Agreement). (D.N. 1, PageID.2; *see also* D.N. 12-1, PageID.63) After Wilson defaulted on his payments to Fifth Third, MCM acquired Wilson's account. (D.N. 1, PageID.3; *see also* D.N. 12-1, PageID.63) MCM subsequently filed a collection action against Wilson in Jefferson District Court, where MCM was awarded a $2,581.06 default judgment. (D.N. 1-1, PageID.13) In this action, Wilson alleges that MCM improperly attempted to collect on the state-court judgment by garnishing his wages. (D.N. 1, PageID.3–4) Specifically, Wilson asserts claims under the FDCPA, KCPA, and Ky. Rev. Stat. § 411.080. (*Id.*, PageID.1–2) Wilson purports to sue both as an individual "and as the proposed class representative on behalf

1

of classes similarly situated." (*Id.*) MCM now moves to compel arbitration of Wilson's claims pursuant to the Federal Arbitration Act and to stay Wilson's claims pending arbitration. (D.N. 12, PageID.37)

## II.

The Federal Arbitration Act (FAA) "manifests 'a liberal federal policy favoring arbitration agreements.'" *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "[A]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005). Before granting a motion to compel arbitration, the Court must find that (A) "the parties agreed to arbitrate"; (B) "the claims asserted fall within the scope of the arbitration agreement"; and (C) "Congress did not intend for those claims to be non-arbitrable." *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 404 (6th Cir. 2025); *see also Glazer*, 394 F.3d at 451. If the Court determines that the issue is referable to arbitration "and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding" rather than dismiss the case. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

**A.    Agreement to Arbitrate**

Here, the parties do not contest the validity of the Card Agreement, which includes an arbitration clause. (*See generally* D.N. 12; D.N. 14) Wilson also does not dispute that MCM is entitled to rely on the Card Agreement's arbitration clause.[1] (*See generally* D.N. 12; D.N. 14) Instead, Wilson argues that "upon entry of the State Judgment[,] . . . the contract terms of the

---

[1] The Card Agreement provided that Fifth Third could "sell, assign[,] or transfer [Wilson's] Account, or any balance due thereunder, and [its] rights and obligations under th[e] Agreement to another entity without [Wilson's] consent and without prior notice. That entity [would] take [its] place in th[e] Agreement." (D.N. 12-1, PageID.68)

2

C[ard] Agreement were extinguished." (D.N. 14, PageID.80) According to Wilson, "the agreement ceased to exist" because "the terms of the [C]ard [A]greement . . . were merged into and superseded by the judgment." (*Id.* (internal quotations and citation omitted)) MCM replies that "the merger by judgment doctrine only operates to extinguish 'a *claim* on a contract [that] is reduced to judgment'[;] . . . the entire contract does not merge into the judgment and disappear." (D.N. 16, PageID.114 (first alteration in original) (citing 46 Am. Jur. 2d Judgments § 438))

The "general rule of merger is that when a valid and final personal judgment is rendered in favor of the plaintiff, the original debt or cause of action, or underlying obligation upon which an adjudication is predicated, is said to be merged in the final judgment." 46 Am. Jur. 2d Judgments § 430. In other words, the doctrine "operates to extinguish a cause of action on which a judgment is based and bars a subsequent action for the same cause." *Id.* The merger doctrine "precludes only relitigation of claims on the contract." *Smith v. Cavalry Portfolio Servs. LLC*, No. 20 C 1375, 2020 U.S. Dist. LEXIS 242373, at *5 (N.D. Ill. Dec. 26, 2020); *see also* 46 Am. Jur. 2d Judgments § 431. It does not "preclude reliance on a contractual arbitration provision when a different party initiates a suit that is not directly based on the contract." *Smith*, 2020 U.S. Dist. LEXIS 242373, at *5. Thus, a motion to compel arbitration may be granted despite a state-court collection judgment. *See, e.g.*, *Garrison v. Citibank N.A.*, No. 23-10712, 2024 U.S. Dist. LEXIS 51807, at *7 (E.D. Mich. Mar. 22, 2024); *Garcia v. Weltman, Weinberg & Reis Co.*, No. 2:13-cv-14362, 2014 U.S. Dist. LEXIS 59825, at *15 (E.D. Mich. Apr. 30, 2014) (collecting cases). Wilson's argument therefore fails, and arbitration is not precluded by the merger doctrine. *See Garcia*, 2014 U.S. Dist. LEXIS 59825, at *15.

Wilson also argues that MCM "forfeited the right to arbitrate" by "filing the state district court lawsuit instead of timely filing an arbitration claim." (D.N. 14, PageID.81–82) But waiving

3

or forfeiting a right to arbitrate requires, at minimum, "actions that are completely inconsistent with any reliance on an arbitration agreement." *Schwebke v. United Wholesale Mortg. LLC*, 96 F.4th 971, 974 (6th Cir. 2024) (quoting *Hurley v. Deutsche Bank Tr. Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010)); *see also Morgan v. Sundance, Inc.*, 596 U.S. 411, 415 (2022). Here, MCM did not act inconsistently with its right to arbitrate or the Card Agreement. The Card Agreement expressly stated that Fifth Third and its assignee, MCM, could "commence a legal proceeding against [Wilson] to collect all amounts owed in connection with th[e] [a]greement" if Wilson's account was in default. (D.N. 12-1, PageID.67–68) The Court thus finds that MCM did not forfeit or waive its right to arbitrate. *Schwebke*, 96 F.4th at 974; *see also Garcia*, 2014 U.S. Dist. LEXIS 59825, at *15.

In sum, because Wilson does not otherwise dispute the existence of the Card Agreement's arbitration provision or that MCM is entitled to rely on it (*see generally* D.N. 14), the Court concludes that the parties agreed to arbitrate and that MCM did not forfeit or waive that right. *Memmer*, 135 F.4th at 404; *see also Glazer*, 394 F.3d at 451.

**B.**     **Scope of the Arbitration Agreement**

Wilson argues that his claims do not fall within the scope of the arbitration agreement for two reasons. First, he contends that he seeks to prosecute his claims on behalf of a class and that the agreement "does not waive the right to assert a class action claim or act as a class representative." (D.N. 14, PageID.77) And second, he maintains that his claims "have nothing to do with" the arbitration agreement or account and that his claims instead "arise from the State Judgment and the Order of Wage Garnishment obtained by MCM from its litigation proceedings before the Jefferson District Court." (*Id.*, PageID.79)

4

The arbitration agreement states that the parties "agree that any Claim will be arbitrated instead of litigated in Court." (D.N. 12-1, PageID.67) For purposes of the agreement, the "term Claim is to be given the broadest possible meaning and includes . . . any claim, dispute[,] or controversy that arises from or relates to (a) the Account created by the Agreement or any prior agreement or any balances on the Account, (b) the Card, . . . (d) . . . the Account or the terms of financing, and (e) [Wilson's] use of the Card and the Account." (*Id.*) The agreement further states that Wilson "will not have the right to participate as a representative or member of any class of claimants pertaining to any claim subject to arbitration" and that "[t]here will be no authority for any Claims to be arbitrated on a class action basis." (*Id.* (emphasis removed))

In light of this language, Wilson's argument that his claims are not subject to arbitration because he seeks to proceed on behalf of a class is without merit. The arbitration agreement plainly prohibits Wilson from pursuing a class action, whether in federal court or through arbitration. (*See id.*) Therefore, Wilson cannot avoid the arbitration agreement simply because he seeks to prosecute his claims as a class representative. *Evans v. Midland Funding, LLC*, No. 3:16-CV-00421-GNS-DW, 2017 U.S. Dist. LEXIS 54382, at *8 (W.D. Ky. Apr. 10, 2017) ("Midland also argues that Evans' class-based claims are nonarbitrable. By its terms, the Agreement specifically prohibits such claims. These waivers are enforceable, and as a result, Evans is allowed to arbitrate only her claims, not on a class basis."); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011) ("Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations.").

Moreover, the claims Wilson asserts in his complaint certainly "relate to" the account or "balances on the [a]ccount." (D.N. 12-1, PageID.67) Wilson alleges violation of the FDCPA "in collecting or attempting to collect amounts . . . not owed by garnishment"; violation of the KCPA

5

for "unfair excess collection of amounts that exceed the Amounts owed under the enabling judgment"; and violation of "Kentucky law under [Ky. Rev. Stat. §] 411.080 for wrongful garnishment." (D.N. 1, PageID.1–2) Each of these claims pertains to MCM's efforts to collect a debt incurred under the Card Agreement. (*Id.*; *see also* D.N. 12-1, PageID.67) And "when interpreting the scope of a broad arbitration clause, and particularly where the provision expressly covers 'any dispute' arising out of the interpretation of an agreement, 'only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration' will preclude arbitration." *Martin v. Cavalry SPV I, LLC*, No. 13-88-GFVT, 2014 U.S. Dist. LEXIS 43293, at \*25 (E.D. Ky. Mar. 31, 2014) (quoting *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004)) (collecting cases). Wilson does not point to an express provision excluding disputes related to state judgments or garnishment orders, nor has he presented strong evidence that would preclude arbitration. *See id.* Accordingly, the Court finds that Wilson's claims fall within the scope of the arbitration agreement.

**C.     Whether Congress Intended for the Claims to be Non-Arbitrable**

Finally, there is no indication that Congress intended to preclude the arbitration of FDCPA, KCPA, or Kentucky garnishment claims. *See Martin v. Cavalry SPV I, LLC*, No. 13-88-GFVT, 2014 U.S. Dist. LEXIS 43293, \*27 (E.D. Ky. Mar. 31, 2014) ("Courts resolving similar disputes involving broad arbitration provisions in credit card agreements routinely find that claims concerning alleged violations of the FDCPA and state usury laws are subject to the arbitration provision in the credit card agreement"). The Court thus finds no congressional intent for Wilson's claims to be non-arbitrable.

In sum, Wilson's claims are subject to arbitration. *Memmer*, 135 F.4th at 404. Additionally, because MCM requests a stay pending arbitration, the Court will stay this matter. *Smith*, 601 U.S. at 478; *see also* 9 U.S.C. § 3.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that MCM's motion to compel arbitration (D.N. 12) is **GRANTED**. MCM and Wilson are **COMPELLED** to arbitrate Wilson's claims (D.N. 1) pursuant to the terms of the Card Agreement. (D.N. 12-1) This matter is **STAYED** pending arbitration pursuant to 9 U.S.C. § 3. The parties **SHALL** submit a joint status report every **ninety (90)** days and promptly report on the outcome of the arbitration.

August 6, 2025

David J. Hale, Judge
United States District Court